Dig Ssof Evanston Lender, LLC v Su-Mei Yen (2024 NY Slip Op 02367)

Dig Ssof Evanston Lender, LLC v Su-Mei Yen

2024 NY Slip Op 02367

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Rosado, O'Neill Levy, JJ. 

Index No. 653060/22 Appeal No. 2177 Case No. 2023-05155 

[*1]Dig Ssof Evanston Lender, LLC, Plaintiff-Appellant,
v
Su-Mei Yen et al., Defendants-Respondents.

Kelley Drye & Warren LLP, New York (David I. Zalman of counsel), for appellant.
Morrison Cohen LLP, New York (Latisha V. Thompson of counsel), for respondents.

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about September 29, 2023, which granted defendants' motion under CPLR 5021(a)(2) for an order directing entry of the full satisfaction of a judgment in favor of plaintiff and against defendant, unanimously affirmed, with costs.
The nonparty borrower has satisfied the loan at issue, which was secured by defendant guarantors, including all default interest that had accrued for late payment of the debt. Because a guarantor's liability is merely a secondary obligation on the underlying debt, guarantor liability cannot exceed the amount owed by the debtor(see Weissman v Sinorm Deli, 88 NY2d 437, 446 [1996]). Thus, plaintiff lender cannot obtain prejudgment interest from the guarantors in addition to the default interest already obtained from the borrower, as such would constitute an impermissible double recovery (see PAF-PAR LLC v Silberberg, 118 AD3d 446, 446 [1st Dept 2014], affd 27 NY3d 930 [2016]).
In view of the foregoing, we need not reach the remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024